

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable B. T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-6850
Re: District Clerk's fees
for "entering appearance"
of each party to a suit
and certain other services
in civil suits, under pro-
visions of Articles 3927
and 3933, R. C. C., as
amended by H. B. 642, 49th
Legislature, 1945.

We are in receipt of your letter of recent date re-
questing the opinion of this department on the above stated
matters. We quote from your letter as follows:

"Some question has arisen relative to the proper
charges the District Clerk should make in Civil suits
as per the provisions of H. B. No. 642 of the 49th
Legislature. Therefore, I will thank you for your
opinion regarding the following charges:

"Should a charge of .15¢ be made for 'Entering
appearance of plaintiff' and again a charge be made
for 'Entering appearance of Defendant?'

"At this time the District Clerk is charging the
following fees in uncontested divorce suits:

| | |
|---|---|
| "Docketing cause | .50 |
| Filing original petition | 1.50 |
| Entering appearance of plaintiff | .15 |
| Filing waver | .15 |
| Entering appearance of defendant | .15 |
| Swearing two witnesses | .20 |
| Jury Fee for Sheriff | .50 |
| Judgment, final | 1.50 |
| Taxing costs | .25 |
| Total Costs | $4.90 |

JNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Please advise if the above fees are correct."

Article 3927, R. C. S., as amended by H. B. 642, Acts 49th Leg., 1945, in part, provides:

"The clerks of the District Courts shall receive the following fees in civil cases for their services:
. . . .

| | |
|---|---|
| Docketing each cause, to be charged but once | .50 |
| Filing each paper | .15 |
| Filing original petition | 1.50 |
| Entering appearance of each party to a suit, to be charged but once | .15 |
| Swearing each witness | .10 |
| Each final judgment | 1.50 |
| Taxing the bill of costs in any case with copy of same | .25 |

Article 3933, R. C. S., as amended by H. B. 642, 49th Leg., 1945, in part, provides:

"Sheriffs and Constables shall receive the following fees:

". . . . . .

"For each case tried in the district or county Court, a jury fee shall be taxed for the Sheriff of                                          .50

". . . . . .

With reference to your question concerning the construction of the language,"Entering appearance of each party to a suit, to be charged but once $0.15", this department construed the identical language in a conference opinion written by

Honorable James V. Allred, Attorney General, dated October 12, 1931, Biennial Report of the Attorney General of the State of Texas, September 1, 1930 to August 31, 1932, pp. 307-309, Opinion No. 2371. We quote from the above mentioned opinion as follows:

". . . .

"The expression 'each party to a suit' includes, of course, each plaintiff and each defendant. There need be no confusion in properly construing the expression 'entering appearance', as Article 3927, if it is borne in mind that the clerk is paid not for what the defendant does or for the manner in which he enters his appearance, but for the service which the clerk performs in 'entering the appearance' of either or all parties to the suit.

"The clerk of a district court is entitled to a fee for filing a petition, an answer or other pleading in any civil cause. He has earned this filing fee, however, then he endorses upon the petition the number of the suit, the date on which it was filed, signs his name officially thereto, and files same among papers of the cause. (Article 1972, Revised Civil Statutes, 1925). No further act on the part of the clerk is necessary, when he has complied with these requirements, in order to earn his fee for filing the petition.

"Being compensated by fees, however, the district clerk is generally paid a separate and distinct fee for each and every service he performs. In addition to the filing of the papers, the clerk is required under Article 1973 to:

"'Keep a file docket which shall show in convenient form the number of the suit, the names of the attorneys, the names of the parties to the suit and the object thereof, and in brief form the officer's return on the process, and all subsequent proceedings had in the case, with the dates thereof.'

"The 'subsequent proceedings' in a case undoubtedly would include the record of the entry of an appearance by either party, whether by petition, answer, waiver, motion, or the special appearance provided for

in Article 2046. The keeping of this record by the district clerk is of utmost importance of the court, to the parties and their attorneys, and to the orderly administration of justice. A proper discharge of these duties involves careful and detailed efforts on the part of the district clerk for which we believe the law intended to provide compensation. It seems to us that when a clerk enters upon his docket a notation to the effect that an answer, waiver, or special appearance was filed under a certain date by a named defendant, he has just as effectively 'entered the appearance' of that particular party to the suit as though it has been recorded in the minutes. . . .

"We have, therefore, concluded, and you are so advised, that the district clerk is entitled to a fee of fifteen cents for entering the appearance of each and every party to a suit whether plaintiff, defendant, or intervenor, where such party actually makes his appearance in any of the manners provided by law, and where the clerk actually makes an entry of such appearance upon his docket with the dates thereof."

We further call to your attention that the above mentioned opinion was sustained by the Supreme Court of Texas in the case of Buchanan v. Girvin, 176 S. W. (2d) 729.

In view of the foregoing, you are advised that the district clerk is authorized to charge $0.15 for entering the appearance of each and every party to a suit whether plaintiff, defendant or intervenor, provided such party actually makes his appearance in a manner authorized by law, and provided the clerk actually makes an entry of such appearance upon the docket with the dates thereof.

As to your question pertaining to the fees charged for the items listed in an uncontested divorce case, it is our opinion that the items listed by you and the amount charged per item are in conformity with the provisions of Articles 3927 and 3933, supra.

We trust that the foregoing satisfactorily answers your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:rt

APPROVED
OPINION
COMMITTEE
BY BWB